IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
    v.                          *       CR 119-022
                                *
JEMARCE ANTONIO SMITH            *

**O R D E R**

Defendant Jermarce Antonio Smith has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Smith's request for relief.

The compassionate release provision provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note

to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).[1]

In this case, Smith invokes the first category of relief, claiming to have a qualifying medical condition based upon his hypertension, migraines, and "borderline diabetes." (Def.'s Mot., Doc. 128, at 2.) The Centers for Disease Control and Prevention ("CDC") lists certain medical conditions as risk factors that can make a person "more likely to get severely ill from COVID-19." See Centers for Disease Control, *Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on July 13, 2021). However, the CDC states that hypertension only "possibly"

---

[1] The Eleventh Circuit Court of Appeals recently held that district courts are bound by the definition of "extraordinary and compelling" set forth in the Policy Statement of U.S.S.G. § 1B1.13 and its application note. United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021). Thus, despite Smith's protestation to the contrary, the Court does not have discretion to consider other factors or definitions. To be clear, however, even if the Court had the discretion not to follow the Policy Statement, the Court readily concludes that Smith's medical condition does not present an extraordinary and compelling reason warranting early release.

2

creates a significant risk, see id.; in any event, Smith's inmate medical records do not even evidence hypertension. (See generally Gov't Resp. in Opp'n, Doc. 131, Ex. A.) Notably, migraines and borderline diabetes are not on the CDC's list of risk factors. Accordingly, Smith has not carried his burden to demonstrate that his medical condition, even against the backdrop of the COVID-19 pandemic, qualifies as an extraordinary and compelling reason to warrant early release. See United States v. Granda, --- F. App'x ---, 2021 WL 1246252, at *3 (11th Cir. Apr. 5, 2021) (stating it is movant's burden to show that his circumstances warrant a sentence reduction under § 3582(c)(1)(A)).

Additionally, Smith refused the COVID-19 vaccination administered by the prison facility on February 22, 2021. (Gov't Resp. in Opp'n, Ex. A at 13, 23.) By declining the opportunity to dramatically reduce his risk of exposure to COVID-19, Smith has undermined his assertion that he is at increased risk from the virus. As one district court has put it, a defendant "cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." See United States v. Lohmeier, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (also stating that notwithstanding the defendant's own recalcitrance, the fact that other inmates and staff are being vaccinated lowers his risk exposure); see also United States v. Ortiz, 2021 WL 1422816, at *4 (E.D. Pa. Apr. 15, 2021) ("[W]hile a petitioner who declines a COVID vaccine is 'within his rights to

3

refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.'" (quoted source omitted)); United States v. McBride, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) ("Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison.").

Even if Smith had presented extraordinary and compelling circumstances warranting relief, which he has not, the Court may grant early release only "after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Consideration of the relevant factors do not weigh in Smith's favor. The Court particularly notes that the nature of his offense (methamphetamine distribution), the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Smith has a significant criminal history, including robbery, burglary, and entering an automobile. Despite receiving probation for most of his convictions, Smith was undeterred from his criminal activity. In fact, he was on probation at the time of the instant offense. Moreover, Smith received favorable treatment when he entered into a plea bargain that spared him from a mandatory ten-year sentence and when this Court departed downward from his advisory guideline range. Any further reduction to his sentence

would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant Jemarce Antonio Smith's motion for compassionate release (doc. 128) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of July, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA